## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERCK & CO., INC., and MSD TECHNOLOGY L.P., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| UNIVERSAL DRUG STORE LTD., d/b/a UNIVERSALDRUGSTORE.COM | ) ) ) |
| Defendant. | ) |

05 Civ.

05 CV 3698

RECEIVED
APR 11 2005
U.S.D.C. S.D.N.Y.
CASHIERS

## COMPLAINT

Plaintiffs, Merck & Co., Inc. ("Merck") and MSD Technology L.P. ("MSD"), by

their undersigned attorneys, for their complaint against Defendant Universal Drugstore Ltd.,

d/b/a universaldrugstore.com ("Universal Drugstore"), respectfully allege with knowledge of

their own actions and on information and belief as to actions of others as follows:

1.    This action is by Plaintiffs against Universal Drugstore for:

(a)    infringement of United States Patent No. 4,444,784 ("the '784

patent") under 35 U.S.C. § 271;

(b)    trademark infringement under 15 U.S.C. § 1114(1);

(c)    unfair competition pursuant to § 43(a) of the Lanham Act, 15

U.S.C. § 1125(a);

(d)    trademark dilution under the Federal Trademark Dilution Act, 15

U.S.C. § 1125(c);

(e)    trademark infringement and unfair competition in violation of the common law of New York and §§ 360-1 and 360-o of the New York General Business Law;

(f)    injury to Merck's business reputation and dilution of the distinctive quality of Merck's trademarks in violation of § 360-1 of the New York General Business Law; and

(g)    unlawful deceptive acts and practices in violation of New York General Business Law §§ 349-350.

## The Parties

2.    Merck is a corporation organized and existing under the laws of the State of New Jersey.  Merck's headquarters are located at One Merck Drive, Whitehouse Station, New Jersey 08889.

3.    MSD Technology L.P. is a limited partnership organized and existing under the laws of Delaware, with an address c/o Merck Sharp & Dohme Chibret A.G., 96 Pitts Bay Road, Pembroke HM 08 Bermuda.

4.    Universal Drugstore Ltd., d/b/a universaldrugstore.com, is a Canadian corporation having an address at 1680 Notre Dame Avenue, Unit 5, Winnipeg, Manitoba, Canada R3H 1J1.  Defendant does not have a place of business or employees located in the state of New York.

5.    Universal Drugstore:  (a) controls, hosts and operates a website located at www.universaldrugstore.com and uses that website to commit the tortious and wrongful activities described herein; and (b) is the owner of the Internet domain name universaldrugstore.com, and uses that domain name to host the aforementioned website where Defendant advertises, promotes, offers for sale and sells prescription drug products including

- 2 -

those identified as "ZOCOR" and "Zocor Generic" products in this judicial district and throughout New York and elsewhere in the United States.

## Jurisdiction and Venue

6.      This Court has subject matter jurisdiction over Count I in this action, pursuant to 28 U.S.C. § 1338(a); over Counts II through V in this action, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); and over Counts VI through VIII in this action, pursuant to 28 U.S.C. §§ 1367 and 1338(b), and the doctrines of pendant and supplemental jurisdiction.

7.      The Defendant has committed tortious and wrongful acts of patent and trademark infringement and dilution, unfair competition and acts in violation of the common law and state statutory laws by advertising, promoting, selling and offering to sell in the state of New York and elsewhere in the United States, certain prescription drug products, including those identified as "Zocor Generic" products.

8.      Defendant has transacted and does transact business in the State of New York, by its advertising, promotion, sales and offers to sell prescription drug products, including those identified in paragraph 7.

9.      This Court has personal jurisdiction over the defendant based on the aforementioned activities in this judicial district.

10.     Venue is proper in this District pursuant to the provisions of 28 U.S.C. §§ 1391(d) and 1400.

## Merck's Patent

11.     The '784 patent, entitled "Antihypercholesterolemic Compounds", was duly and legally issued to Merck on April 24, 1984, and was thereafter assigned to MSD, which is its current owner.  Merck is the licensee of the '784 patent (copy attached at Tab A).

### Merck's ZOCOR® (Simvastatin) Product and Trademarks

12.    Merck, one of the world's leading pharmaceutical companies, is a global research-driven company that discovers, develops, manufactures and markets throughout the world a broad range of human health products. Merck invests billions of dollars in the research and development of its broad portfolio of highly-innovative prescription drugs.

13.    Merck's research and development efforts have culminated in many industry-leading products, including Merck's extremely successful prescription drug product ZOCOR®, which is used to treat patients who have or are at risk of coronary heart disease and/or have elevated cholesterol levels. The active ingredient in the ZOCOR® product is simvastatin. ZOCOR® brand simvastatin is used to reduce the amount of cholesterol and certain fatty substances in the blood.

14.    Merck holds the approved U.S. Food and Drug Administration ("FDA") New Drug Application for its simvastatin product. There are no generic simvastatin products approved by the FDA for sale in the United States. Thus, Plaintiffs are the sole and exclusive entities authorized under the U.S. patent laws and the U.S. regulatory laws embodied in Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq., to sell simvastatin product in the United States.

15.    Merck's ZOCOR® brand simvastatin product has been continuously marketed and sold in the United States under Merck's ZOCOR® trademarks since at least November of 1986. Merck's ZOCOR® product is one of the most frequently prescribed medications in the United States. U.S. sales of the ZOCOR® product in 2004 totaled $3.61 billion. Sales to customers in the State of New York in 2004 totaled approximately $228.3 million.

16.    Merck owns two United States trademark registrations for its ZOCOR® trademark for a pharmaceutical preparation for use as an antihypercholesterolemic agent. U.S.

trademark registration no. 1,457,984 for the word mark ZOCOR® issued on September 22, 1987. U.S. trademark registration 1,749,211 for the trademark ZOCOR (& Design) ® issued on January 26, 1993. Both of these federal trademark registrations are valid, subsisting and incontestable under 15 USC § 1065. Copies of information from the U.S. Patent and Trademark Office website concerning Merck's United States ZOCOR® registrations are attached as Tab B. The ZOCOR® trademark is also registered in many different countries around the world.

17.     The ZOCOR® and ZOCOR (& Design)® trademarks (hereinafter "the ZOCOR® trademark") are extremely well-known, famous and distinctive in the United States and in many countries of the world as designating the product originating with, sponsored by and associated with Merck. The ZOCOR® trademarks are extremely valuable assets that have acquired substantial goodwill.

### Defendant's Illegal Activities

18.     Defendant offers for sale and sells prescription drugs to consumers over the Internet, including "SIMVASTATIN (Zocor generic)" products that are not authorized by Plaintiffs.

19.     As set forth above, Defendant hosts and operates a website located at universaldrugstore.com, which site is used by Defendant to advertise and sell prescription drugs. Defendant has engaged the "Sponsor Results" services of Overture Services, a subsidiary of Yahoo! Using this service, Defendant has paid for the keyword "ZOCOR", which results in Defendant's website being among the first result returned by the Yahoo Internet search engine, when a user conducts a search for "ZOCOR".

20.     Defendant's website is directed to customers outside of Canada, including, in particular, the United States. Defendant has indicated that its mission is to provide discount

drug prices to American customers.  All advertised product prices are quoted in United States dollars, and savings on medication costs of 50% on average and as high as 80% are touted on the home page.  The stated savings represent a comparison of Defendant's prices with the price a consumer would expect to pay in the United States.

21.    Defendant's efforts to conduct business in the United States and to obtain a U.S. customer base have been successful.  For example, Defendant has acknowledged that it has built a Latino customer base in the United States that accounts for 10% of its total sales.  Also, about 50% of the visitors to Defendant's website have been located in the United States at certain times, and Defendant has acknowledged that it fills an average of 1000 prescriptions per day.

22.    Defendant's website is interactive and permits on-line interaction with prospective customers and customers, including on-line orders for the prescription drug products offered for sale.  Defendant's website purports to operate as a local pharmacy would, providing service and assistance to its customers at their own location.  New patients are required to fill out a patient order form which calls for detailed medical information, address information and physician name and phone number, thereby facilitating contact by Defendant with the patient's local physician.  Customers are contacted in their locale as part of the approval process.  Defendant's website offers receipts that can be submitted to Defendant's insurance company for reimbursement.  Defendant's website also offers a "Live Chat Support Service" where customers can connect with an instant messaging service and receive answers to questions.

23.    Defendant's website lists names of the drugs offered, including "ZOCOR", which is prominently featured on the home page in the famous stylized design which is the subject of Merck's Trademark Registration No. 1,749,211, and invites the website

customer to search a list of the most popular brand name prescription medications that are available as generics.

24.    When consumers "click" on the abovementioned list of generics and then click on "ZOCOR" "Simvastatin," or when they type "ZOCOR" into the "Search Medications" feature available on the home page and throughout the site, consumers are linked to a page that offers "SIMVASTATIN (Zocor generic)" product in five dosage levels (5, 10, 20, 40 and 80 mg). The website then invites the customer to purchase these so-called "Zocor generic" products by clicking to indicate the desired dosage level and quantity, which leads to links where information is taken and processed, resulting in a sale (copies of the home page and selected pages from Defendant's website are attached at Tab C). The medication is shipped directly to the consumer.

25.    Defendant offers to sell and sells its ZOCOR and "SIMVASTATIN (Zocor generic)" products in the United States and in this District at a variety of prices, depending on dosage level and quantity. As alleged above, all prices for this and other products offered for sale on Defendant's website are quoted in U.S. currency.

26.    Defendant receives payment for the products it sells through its website to customers in the United States by transmittal from its customers' credit card companies, which companies are located in the United States. Thus, these United States based companies hold funds for the benefit of Defendant.

27.    The so-called "Zocor Generic" products sold on Defendant's website and delivered by Defendant to purchasers in New York and other states in the United States are not authorized or approved by Plaintiffs.

28.     Defendant's use of the ZOCOR® trademark for its so-called "Zocor Generic" products is unauthorized by Merck and is used by Defendant to compete directly and unfairly with authorized products offered under the ZOCOR® trademark.

29.     Defendant offers to sell, sells and ships to purchasers in New York and elsewhere in the United States, simvastatin products that are not authorized by law for sale in the United States, including the activities of Defendant alleged herein.

## COUNT I
## INFRINGEMENT OF THE '784 PATENT (35 U.S.C. § 271)

30.     Plaintiffs repeat and reallege paragraphs 1 through 29 above as if fully set forth herein.

31.     Defendant's sales and/or offers for sale of simvastatin products in New York and elsewhere in the United States are without license or permission from Plaintiffs, and infringe the '784 patent under 35 U.S.C. § 271.

32.     Plaintiffs have been and will continue to be irreparably harmed if Defendant is not enjoined from infringement of the '784 patent.

33.     Defendant has had notice that certain of its products are covered by the '784 patent and has continued to willfully and deliberately infringe that patent.

34.     The actions of Defendant have been "exceptional" within the meaning of 35 U.S.C. § 285.

## COUNT II
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

35.     Merck repeats and realleges paragraphs 1 through 34 above as if fully set forth herein.

- 8 -

36.    Defendant's activities in commerce in connection with the sale of its "Zocor Generic" products, as described above, are likely to cause confusion, mistake, or deception as to the source or sponsorship of such products and/or their affiliation with Merck, causing harm to Merck's reputation and goodwill.  Purchasers and potential purchasers are likely to believe in error that such products are of the same quality and efficacy as Merck's products and/or that such products originate from, are approved by or are distributed by or under the authorization or sponsorship of Merck.

37.    As described above, Defendant's use of Overture Services "Sponsor Results" services which use the keyword "ZOCOR" to direct Internet traffic to Defendant's website is designed to misdirect those persons searching the Internet for Merck's ZOCOR® product to Defendant's website.  Through such intentional acts, Defendant seeks to and has succeeded in creating initial interest or pre-sale confusion, diverting customers from purchasing Merck's ZOCOR® simvastatin product and to instead purchase Defendant's products.

38.    Defendant's activities in commerce as alleged herein have resulted in actual confusion.

39.    The use of the ZOCOR® trademark by the Defendant described herein, which activities are without license or permission from Merck, constitutes infringement in violation of the Lanham Act, including section 32(1), 15 U.S.C. § 1114(1).

40.    The activities of Defendant complained of herein constitute willful and intentional infringement of the ZOCOR® trademark.

41.    The conduct of the Defendant complained of herein has caused and will continue to cause substantial irreparable damage and injury to Merck for which there is no adequate remedy in law.

## COUNT III
## UNFAIR COMPETITION AND
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

42.     Merck repeats and realleges paragraphs 1 through 41 above as if fully set forth herein.

43.     Defendant's use of the ZOCOR® trademark as described above, which is without license or permission from Merck, violates § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendant has used a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, mistake, and to deceive the public into believing that there is an affiliation, connection or association of Defendant with Merck, and/or that the so-called "Zocor Generic" products originate with, or are sponsored, licensed, approved or somehow sanctioned by or affiliated with Merck.

44.     The activities of Defendant complained of herein are willful and intentional.

45.     The conduct of the Defendant complained of herein has caused and will continue to cause substantial irreparable damage and injury to Merck for which there is no adequate remedy in law.

## COUNT IV
## UNFAIR COMPETITION (15 U.S.C. § 1125(a))

46.     Merck repeats and realleges paragraphs 1 through 45 as if fully set forth herein.

47.     In the United States, ZOCOR patients who have purchased their medication in pharmacies located in this country are aware that there is no available FDA approved generic substitute for Merck's ZOCOR product, that the only available FDA approved

simvastatin product in the United States is ZOCOR brand simvastatin, and that this product

originates from or is sponsored and approved by a single source of origin, namely Merck.  Thus,

these patients understand that only Merck's ZOCOR brand simvastatin product can be lawfully

sold in the United States.

48.     Defendant's aforementioned activities violate § 43(a) of the Lanham Act,

15 U.S.C. § 1125(a).  Defendant has used in commercial advertising and promotions, words and

false or misleading descriptions or representation of facts concerning the nature, qualities or

characteristics of its goods or commercial activities and/or those of another person, i.e. Merck,

and which also are likely to cause confusion, to cause mistake or to deceive the aforementioned

United States ZOCOR patients.  By such activities of Defendant, U.S. patients will be lead to

believe that Defendant's generic simvastatin products are either legally authorized by the FDA

for sale in the United States, or that such products originate with, or are sponsored, licensed,

approved or somehow sanctioned by or affiliated with Merck, neither of which is in fact the case.

49.     The activities of Defendant complained of here are willful and intentional.

50.     The conduct of Defendant complained of herein has caused and will

continue to cause substantial irreparable damage and injury to Merck for which there is no

adequate remedy at law.


## COUNT V
## TRADEMARK DILUTION (15 U.S.C. § 1125(c))

51.     Merck repeats and realleges paragraphs 1 through 50 above as if fully set

forth herein.

52.     The ZOCOR® trademark is strong and inherently distinctive.  The mark

has become famous as a result, *inter alia*, of Merck's long, extensive and continuously exclusive

use of the mark, and Merck's extensive sales, advertising and promotion throughout the United States of products bearing the mark.  As a result, the ZOCOR® trademark is favorably recognized by consumers and those in the trade as identifying the products of Merck.  The unlawful acts of Defendant alleged herein were commenced and occurred at a time after Merck's mark became famous.

53.     Defendant's use of the ZOCOR® trademark in connection with the sale of its "Zocor Generic" products, which is without license or permission from Merck, has caused irreparable dilution of the distinctive quality of the ZOCOR® trademark in violation of 15 U.S.C. § 1125(c)(1), causing irreparable injury to Merck.

54.     Through its activities alleged above, Defendant willfully intended to trade on Merck's reputation and to cause dilution of the ZOCOR® trademark.

55.     The conduct of the Defendant complained of herein has caused and will continue to cause substantial irreparable damage and injury to Merck for which there is no adequate remedy in law.

## COUNT VI
## TRADEMARK INFRINGEMENT AND UNFAIR
## COMPETITION (N.Y. General Business Law §§ 360-1, 360-o)

56.     Merck repeats and realleges paragraphs 1 through 55 above as if fully set forth herein.

57.     The acts of Defendant as described above, which are without license or permission from Merck, constitute trademark infringement and unfair competition in violation of Merck's rights under the common law of the State of New York and N.Y. General Business Law §§ 360-1, 360-o.

58.     Merck has sustained and will continue to sustain irreparable injury as a result of Defendant's illegal commercial activities, for which there is no adequate remedy at law.

**COUNT VII**
**<u>DILUTION</u> (N.Y. General Business Law §§ 360-1, 360-o)**

59.     Merck repeats and realleges paragraphs 1 through 58 above as if fully set forth herein.

60.     The acts of Defendant as described above, which are without license or permission from Merck, are likely to dilute and detract from the distinctiveness of the ZOCOR® trademark, with consequent damage to Merck and the business and goodwill symbolized by said trademark, in violation of the New York Anti-Dilution Statute, N.Y. Gen. Bus. Law §§ 360-1, 360-o.

61.     Merck has sustained and will continue to sustain irreparable injury as a result of Defendant's illegal commercial activities, for which there is no adequate remedy at law.

**COUNT VIII**
**<u>DECEPTIVE ACTS AND PRACTICES</u> (N.Y. General Business Law § 349-350)**

62.     Merck repeats and realleges paragraphs 1 through 61 above as if fully set forth herein.

63.     Defendant's activities as described above, which are without license or permission from Merck, constitute deceptive acts and practices in violation of N.Y. Gen. Business Law §§ 349-350.

64.     Merck has sustained and will continue to sustain irreparable injury as a result of Defendant's illegal commercial activities, for which there is no adequate remedy at law.

WHEREFORE, Plaintiffs request the following relief:

A.    A judgment that the '784 patent has been infringed by the Defendant;

B.    A judgment pursuant to 35 U.S.C. § 283 preliminarily and permanently enjoining Defendant and its officers, agents, servants, employees and affiliates, and all others in active concert or participation with any of the foregoing, from further infringement of the '784 patent;

C.    A judgment finding that Defendant's patent infringement has been willful and deliberate and that this is an exceptional case, pursuant to 35 U.S.C. § 284 and § 285;

D.    A judgment awarding Plaintiffs damages caused by the infringing activities and awarding increased damages and prejudgment interest;

E.    A judgment awarding Plaintiffs their attorneys' fees, costs and expenses in this action;

F.    A judgment that Defendant has infringed and diluted Merck's trademark rights in the ZOCOR® trademark, and has engaged in unlawful, unfair competition under the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., as amended, and under the common law, and that such actions have been willful and intentional;

G.    A judgment that Defendant, its officers, directors, agents, servants, employees, representatives, successors and assigns, and all those in active concert or participation with any of the foregoing who receive actual notice of the injunctive order, be enjoined, preliminarily and permanently from:

    a.    Using the ZOCOR® trademark, or any other mark or term confusingly similar to the ZOCOR® trademark, in connection with the marketing, sale, offering for sale, advertisement, or promotion of its so-called "Zocor Generic" products;

      b.     Using the ZOCOR® trademark or any other mark or term confusingly similar to the ZOCOR® trademark as a keyword for purposes of directing Internet traffic to Defendant's website; and

      c.     Committing any act intended or likely to cause the public to believe that Defendant or any generic simvastatin product that Defendant sells is legally approved for sale in the United States by the FDA, or is in any manner connected, affiliated, sponsored, approved, or associated with Merck, from otherwise competing unfairly with Plaintiffs; and from making any false or misleading descriptions or representations of fact about its or Merck's products.

H.     That Defendant be directed to file with this Court and serve on Plaintiffs within thirty (30) days after entry of the injunction, a report in writing, under oath, setting forth in detail the manner in which the Defendant has complied with the injunction.

I.     That Defendant be directed to account for and pay over to Merck all gains, profits and advantages derived from Defendant's wrongful acts pursuant to 15 U.S.C. § 1117(a).

J.     That Merck be awarded compensatory damages in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117.

K.     That Merck be awarded treble damages pursuant to 15 U.S.C. § 1117.

L.     That Merck be awarded costs, disbursements and attorney's fees pursuant to 15 U.S.C. § 1117.

M.     A judgment that Defendant has engaged in trademark infringement and unfair competition under New York General Business Law §§ 360-1, 360-o and under New York common law.

N.      A judgment that Defendant has caused injury to Merck's business reputation and dilution of the distinctive quality of Merck's trademarks in violation of § 360-1 of the New York General Business Law.

O.      A judgment that Defendant has engaged in unlawful deceptive acts and practices in violation of New York General Business Law §§ 349-50.

P.      An order pursuant to Fed. R. Civ. Pro. 64 in favor of Plaintiffs attaching any assets of Defendant within the jurisdiction of this Court.

Q.      That Plaintiffs be awarded such other and further relief as this Court may deem just and proper.


FITZPATRICK, CELLA, HARPER & SCINTO


By: _____
    Robert L. Baechtold (RB0866)
    Nina Shreve (NS4731)
    Peter Shapiro (PS8180)

    30 Rockefeller Plaza
    New York, New York 10112-3801
    (212) 218-2100

    Attorneys for Plaintiffs
    Merck & Co., Inc. and MSD
    Technology L.P.

Dated:  New York, New York
        April 11, 2005